## No. 11,367.

### SUCCESSION OF MYRA CLARK GAINES.

Costs follow the judgment, and therefore it is not necessary for parties to whom costs are due to appeal.

When the court orders costs to be taxed against a defendant the plaintiff has not such an interest in the matter as to be entitled to notice of the granting of the order. If the party to whom the costs are due appeals from the order it is not necessary to make plaintiff a party thereto.

An attorney at law is presumed to know what transpires in the litigation in which he is employed so far as it affects his interest. If he permits his associate to claim docket and deposition fees in the Federal courts and an order in his favor is rendered for the same, the party owing the fee will be protected in paying according to the terms of the order.

APPEAL from the Civil District Court, Parish of Orleans.
    King, J.

_Farrar, Jonas & Kruttschnitt_ Attorneys for Executor and Executrix of W. R. Mills, Appellants:

This case is entirely one of fact. The claim of the executor and executrix of last will of Mills is based upon the proposition that Mrs. Gaines collected for his account, and for his use and benefit, the sum of three thousand five hundred dollars, which had been decreed to him as costs in the suits of Gaines vs. Agnelly and Gaines vs. Monseaux.

This claim is correct as a matter of fact; the lower court so decreed by its judgment.

Through some misapprehension that judgment failed to decree payment of interest, and that is the sole complaint which this appellant has to make against it and it is now asked that it be amended, in so far as to decree, that the amount of two thousand nine hundred and fifty-two dollars and ten cents, adjudged in favor of the executors of William Reed Mills, bears interest at five per cent. per annum, from the 10th of January, 1881, until paid, instead of from July 1, 1892, until paid, and that appellants recover costs of both courts.

_Richard De Gray_ and _Brown & Choate_ Attorneys for Appellees:

This being a suit or claim based on an alleged judgment of another court, two defences can be made. First, did the court have

jurisdiction, and did the defendant have notice or appear. Christmas vs. Russel, 5 Wallace, 290; Thompson vs. Whitman, 18 Wall. 457.

When a party has, or claims to have, an interest in a claim, and stands by and sees the same rejected, and takes no appeal, and and in no manner complains of said rejection, the judgment is final as to him, and the reversal of said judgment in the appellate court on an appeal taken by another party does not inure to the benefit of the party who does not appeal.

The opinion of the court was delivered by

McEnery, J. This is an opposition to the account filed in the succession of Mrs. Myra Clark Gaines, and this part of the opposition relates only to an amount claimed as costs due the succession of the opponent, W. R. Mills.

W. R. Mills, deceased, was an attorney at law, and resided in the city of New Orleans. He had been employed by Mrs. Gaines to prosecute certain suits in her litigation with the city of New Orleans. In these suits Mrs. Gaines collected costs to the amount of thirty-four thousand dollars, in which were included the costs due the opponent. The amount of costs due to said Mills was ascertained and fixed in the following order rendered by the United States Circuit Court for Louisiana: "The exception of W. R. Mills, filed on 22d May, 1878, to the report of J. W. Gurley, master, herein filed on the 20th May, 1878, is sustained, and it is ordered that said opponent W. R. Mills, be, and he, as solicitor of complainant, entitled to the docket fee to be taxed as costs as against each defendant, wherein reference is made to a master to determine the question of fruits and revenues.

"It is admitted that in the cases called the Agnelly and Monseaux cases, that Mr. J. Q. A. Fellows was associated as counsel with Mr. Mills in recovering the judgments in these cases; that is to say, the law firm of Fellows & Mills, composed of said Fellows and said Mills, were the solicitors in said cases."

The validity of this alleged judgment as against Mrs. Gaines or her succession is denied, and among others on the following grounds:

1. Because the proof fails to show she had any notice of the proceedings which culminated in said alleged judgment, or that she ever voluntarily appeared therein, and because the same is not final, but contemplated future action which is not shown to have been had.

2. Because the proof shows said fees were the property of the law firm of Fellows & Mills, composed of J. Q. A. Fellows and said W. R. Mills, and that said alleged judgment was rendered without any notice to said Fellows, or any appearance by him in the proceedings in which it was rendered, and there is no proof that the alleged future taxation was ever had.

We presume the Federal court in granting the order to tax costs followed the practice in said courts, and that there was no law requiring notice to be served on the complainant, or on the solicitor who was associated in the case.

We see no reason why Mrs. Gaines should have been made a party to the proceeding, or that she should have been served with notice of the same. She was without interest in the mattor, and she was equally without interest to inquire whether the taxed costs were due Mills, or Fellows & Mills. It was immaterial to her to whom the costs were to be paid. In fact she was in no way interested in the order, and it matters not whether it was final or not, so far as she was concerned. She could not have collected the costs, except in pursuance of this order. She assumed the right to collect the costs, amounting to two thousand nine hundred and fifty-two dollars and ten cents, and having collected the same under an order of court, recognizing W. R. Mills as the owner, she was bound to account to him for the amount so collected. Fellows, the associate of Mills, is asserting no claim to the costs, and in the absence of any process of any court, arresting the amount in her hands—now in the succession—the succession will be protected under the order in paying the amount to the succession of Mills. In argument it was contended that Fellows, if a payment was made to Mills' succession, might thereafter claim his part of the costs from the succession of Gaines. This position is untenable. Fellows was an attorney of record, associated in the cases, and he must be presumed to have had knowledge of what transpired in the litigation in which he was employed. He permitted his associate and law partner to claim the costs and procure an order in his favor for the amount. After payment of the amount to Mills, Fellows would be estopped from claiming any part of the costs from the succession of Gaines.

The succession of Gaines goes further than denying the right of the succession of Mills to recover the costs, and claims the whole amount as the property of the Gaines succession.

. The following is an extract from the brief filed on behalf of said succession:

" But there is another objection that goes to the whole of this claim, and will appear from the following:

" Among the other things in evidence is the above 'Transcript of Record, Supreme Court of the United States, City of New Orleans vs. Myra Clark Gaines,' 7 Vols. From pages 1101 and 1102, Vol. 1 of said transcript, it appears Mrs. Gaines, on the 5th day of May, 1898, recovered a judgment in the United States Circuit Court for the Eastern District of Louisiana against said city of New Orleans for one million nine hundred and twenty-five thousand six hundred and sixty-seven dollars and eighty-three cents, with interest, and said sum of thirty-four thousand dollars, amount of costs taxed against various defendants in the Agnelly and Monseaux cases, and the suit in which this judgment was rendered was brought by Wm. Reed Mills as the solicitor of Mrs. Gaines, Vol. 1, pages 1 to 13.

" From this judgment an appeal was taken by the city of New Orleans to the United States Supreme Court (page 1102), where said judgment was reversed, and the amount was reduced to five hundred and seventy-six thousand seven hundred and seven dollars and ninety-two cents, with interest, with permission to the city of New Orleans to show what credits, if any, were to be allowed on said amount, and the cause was remanded for that purpose. See 131 U. S. Reports, page 191 (in evidence herein), and especially page 220. When the case came back to the Circuit Court the above amount of five hundred and seventy-six thousand seven hundred and seven dollars and ninety-two cents was reduced to the extent of fifteen thousand three hundred and ninety-four dollars and fifty cents, and said claim for thirty-four thousand dollars costs (in which it is claimed were Mills' said docket and deposition fees), in said Agnelly and Monseaux cases, was rejected. Both parties appealed—the city because more deductions were not allowed her, and the Gaines succession because said deductions of fifteen thousand three hundred and ninety-four dollars and fifty cents had been made, and because said thirty-four thousand dollars costs had been disallowed and rejected. These were the only parties to that appeal—the only ones that ever complained thereof, but Mills, although it is claimed he was interested to the extent of his alleged docket and deposition fees, and was, as solicitor, a party to the cause, never complained or

joined in that appeal, notwithstanding the pretence that he was interested as above. Surely it was his right and duty to have complained and joined in that appeal from the Circuit Court, but not having done so, but, on the contrary, having acquiesced therein, his claim for docket and deposition fees is ended, for the reversal of the judgment of the lower court did not inure to his benefit, but to the sole benefit of the appellant—the succession of Mrs. Gaines. See 138 U. S. Reports, pp. 615 and 616, also in evidence.

" Nor is this by any means a case where the succession has collected a claim or judgment as the property of William Reed Mills. When the above judgment and costs were awarded against the city of New Orleans and in favor of Mrs. Gaines, and were collected by her succession, they were awarded and collected, not as the property, in whole or in part, of W. R. Mills, but as the property of Mrs. Gaines. In other words they were not collected under the *ex parte,* interlocutory order order of the Circuit Court made on the exceptions of Mills, but under the judgment of the United States Supreme Court rendered in her favor and reported in said 138 U. S. Reports. There is, therefore, nothing in the collection of said thirty-four thousand dollars costs which would estop the appellee from denying any interest or ownership on the part of Mills therein."

Costs follow the judgment, and we can see no reason why Mills should have appealed from the decree, which made it necessary for complainant to appeal from the entire judgment. The costs followed as a necessary incident to the judgment.

There is nothing in the case reported (130 U. S. Reports, p. 595) that sustains the pretences of the succession of Gaines.

In that suit the costs were taxed in favor of the complainant, as in all cases where the judgment is against the party cast.

The decree in the case referred to relating to the costs is "that the decree of the court herein should be modified by adding to it the amount of said costs, to-wit: thirty-four thousand dollars, with interest, as adjudged in the original decree of said court."

The decree appealed from must therefore be annulled, allowing interest on the amount of costs, two thousand nine hundred and sixty-two dollars and ten cents, from the tenth of January, 1881, until paid.

As thus amended it is affirmed, the succession of Gaines to pay costs of appeal.